UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-cr-00095-DKG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| JALISA HALEY SIDRYN DICK | |
| Defendant. | |

On July 15, 2024, Defendant JALISA HALEY SIDRYN DICK appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

REPORT AND RECOMMENDATION - 1

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant initially waived a detention hearing, and an order of detention was put in place on December 11, 2023. (Dkt. 19). In January, Defendant motioned the Court for temporary release from treatment to attend inpatient treatment at the San Poil Treatment Center. (Dkt. 23). The Court granted Defendant's motion for temporary release for treatment. (Dkt. 24). Defendant's order of temporary release was extended on February 14, 2024 (Dkt. 27), April 11, 2024 (Dkt. 33), June 5, 2024 (Dkt. 38), and July 2, 2024 (Dkt. 40). Defendant has spent six months in intensive, co-dependent care at San Poil. (Dkt. 41). Defendant is set to complete her program at San Poil in early August 2024, and then she plans to continue treatment at Chief Seattle Club. (Dkt. 41). The Chief Seattle Club offers Defendant recovery mentorship and continued substance use and mental health support. (Dkt. 41).

Defendant has complied with all previous orders and conditions of her temporary release. (Dkt. 41). The Government does not oppose Defendant's release plan. (Dkt. 41). The Government have offered no information or reason to believe that Defendant is at an enhanced risk of flight or danger to the community.

REPORT AND RECOMMENDATION - 2

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption in the course of treatment of Defendant's substance use and mental health that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant JALISA HALEY SIDRYN DICK's plea of guilty to Count ONE of the Indictment (Dkt. 1).

2) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 15, 2024

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 3